We'll turn to the next case, United States v. Hall. Joyce, is the government on the line, just to make sure? Yes, Your Honor, there's an ETM for the government. Mr. Joyce, you can proceed. Good morning, Your Honors. May it please the Court? My name is Patrick Joyce. I represent Chadrick Hall, who is the appellant in this case. He was the defendant below. The issue before the Court is whether or not the district court committed procedural error in calculating... Before you get to the merits, what about the question of mootness? He served his sentence, right? He's completed his sentence? Yes, Your Honor. At the time of the filing of this brief, Mr. Hall was incarcerated. Right around the time I think that the government filed their reply, he had just been released. I had not spoken to him until just recently, but he has been released. And I've reviewed the Williams case, Judge, and I realize that that's a high bar for me to scale. I've researched it, and I've shepherdized it, and I'm trying to find some way around it. And I do think there is some language, Judge, in Williams that would permit the Court to get to the merits of this appeal. The language is that if the appellant... if the Court can grant any effectual relief to a prevailing party, then the Court should hear... should not dismiss the appeal. We know that Mr. Hall is a lawful permanent resident. It's part of the record. And we also know that if the Court were to calculate the guidelines the way I have requested, the guideline range would be between 10 and 16 months. What will happen in that situation is if the Court resentences Mr. Hall, there's a good chance he would get a sentence of less than one year. What we do know, and not specifically in controlled substances cases, but in some cases with immigration, getting a year or less or maybe getting a no jail time may have an impact upon whether or not that makes him removable. And I think when the word says any effectual relief to a prevailing party, I think that might be some effectual relief to Mr. Hall if the Court were to grant his appeal. Well, there's also language that if all you have is a remote and speculative possibility of relief, then the case is moved. I mean, why? I mean, you've made an argument. Why isn't that remote and speculative? Well, Your Honor, I would suggest that it's what we know about in terms of immigration and what we know about removal proceedings. The fact is that while his appearance before an immigration judge is imminent, it's going to occur. When we use the word remote, it may be that it may never happen. The reality is he will appear in immigration court. We do know that. And so, therefore, I don't believe that this particular situation presents a remote possibility. All right. Why don't you address the merits? Thank you, Judge. Again, we've asked the court to address the issue of whether or not the district court has committed procedural error in calculating an improper guideline range. The courts review the calculation de novo with a view towards the factual findings to determine whether or not there was clear error. What happened in this case is there was the use of two different sentencing guideline enhancements, which the defendant believed was done improper. The court below used 2D1.1B1 and also referenced 1B1.3 to find that an unrelated event caused Mr. Hall's base guideline level to be raised from 12 to 16. It's important to understand the facts of the case. On November 30th of 2018, Mr. Hall is with some people outside of his building at 130 in the morning. It's a Friday morning. He's drinking and police who decide that there is some warrant, it's unspecified as to exactly what the warrant was, decide that they're going to arrest Mr. Hall on that warrant. He wasn't seen serving any drugs. He was not seen approaching other individuals. He had no money on him at all. They arrested him based on this warrant. And at the time of the arrest, he had about 2.7 grams of crack cocaine on him and also a firearm. Mr. Mr. Hall is arrested, released on January 23rd of 2019 in a different location. By the way, that first location I think is exactly in front of his house where he lives. The second location where he's convicted by the jury is about a block away or two blocks away. And in that situation, officers say they observed Mr. Hall actually serving a customer. He's arrested. He has a small amount. He has 1.5 grams of cocaine on him, but he was observed serving an individual. He's also arrested with a significant amount of money on him. He then, on 228 of 2019, officers see Mr. Hall in the street. They have a warrant for his arrest again. They arrest him. At the precinct, they find that he has 0.52 grams of cocaine on him. And in that case, the case was that particular count was given to the jury and the jury acquitted Mr. Hall of either having not possessed those drugs or not having possessed those drugs with the intent to sell. It's worth noting that on the 11-30-2018 case, after reviewing and suspecting that there may have been some untoward behavior by the police officers, the U.S. Attorney's Office declined to prosecute that case. There was never a prosecution in that case. And in fact, that count was never before the jury. However, at sentencing, the district court found that there had been a, first of all, the district court went to 2D1.1 involving the gun enhancement. And I think, Your Honors, that that's completely inappropriate here because it would be that the person would have to possess the weapon during the commission of the offense. And in this particular case, when he was arrested, the commission of the offense is January 23rd of 2019. The gun is actually in the possession of the New York City Police Department. Your Honor, may I take one minute of my rebuttal time? Go ahead. Thank you. So clearly, 2D1.1 is not appropriate. But what the district court did say is it went on to go to 1B1.3 to find out whether or not this earlier event where Mr. Hall was in front of his house at 145 in the morning, whether or not this was relevant conduct to the conduct for which he was convicted by the jury. And I think, Your Honor, this is where the district court made clear error. Because the court has to find in relevant conduct under the same course of conduct or common scheme or plan that there's some identifiable pattern of specified criminal activity. In the case where he was convicted, Mr. Hall was selling drugs. Where the court found relevant conduct, there's no such sale. And I think the courts have gone to the point where maybe they say any time someone who's convicted of drugs has drugged them, that must be relevant conduct. But I would suggest the drugs were packaged in a way that was clear. He was going to sell them. Well, judge, they were in small packages, but I don't know that that's clear that he was going to sell them. I would say many packages where there were like, I think, 24. I think there were 24. But this is a Friday night. It's early in the morning. Judge, I pose this question, then I'll finish. Let's say someone works at a liquor store. And it's Friday night. And on their way home, they decide they're going to bring three bottles of bourbon with them for the weekend. And they stop off and they're on their way home. And just before they go upstairs, they run into some friends. It doesn't necessarily mean he was going to sell that bourbon when he's not at the liquor store. I'll reserve the break for my time. We'll hear from the government. Morning. May it please the court. My name is Ni Tian. I'm an assistant United States attorney here in the Southern District of New York. And I represent the government, both on this appeal and in the proceedings below. I want to address first the mootness issue here. The only issue is the procedural reasonableness of the defendant's tragic Hall sentence. Now, Mr. Hall, as this court and Mr. Joyce just mentioned, has been released from BOP custody since November 10th, 2020. And he is currently serving the mandatory minimum term of three years of supervised release. Now, as this court has previously held an appellate challenge to a criminal sentence. The argument is that there is a possibility that if the conviction were vacated or the sentence is vacated and he's re-sentenced, he might get a sentence of less than one year, which could impact the removal. Your Honor, this issue was not briefed. And so I don't I don't have all of the sites with me. However, just a brief research during Mr. Joyce's argument under 8 U.S.C. 1182 section. A to. A. I and sub. I. Any alien convicted of or who admits having committed or who admits committing acts which constitute the essential element of a violation of or conspiracy or attempt to violate any law or regulation of a state, the United States, or a foreign country relating to a controlled substance as defined in Section 802 of Title 21 is inadmissible. Now, there are. Some exceptions to. There are actually no exceptions to someone who someone who had been who had violated a controlled substance. A controlled substance act here. So because it's because Chattercall was convicted of a violation of 21 U.S.C. 841, regardless, it appears that regardless of the sense of the length of the sentence, the defendant is inadmissible under the immigration laws here. And therefore, I do not believe that that immigration argument is sufficient to save this this appellate challenge from mootness on that record. Why don't you go to the marriage then? Yes, Your Honor. Now, even if this court does not find that Hall's appeal of a sentence is now moot, Hall cannot succeed on the merits. It is well established that under the sentencing guidelines, Section 1B, 1.382 criminal activity that is not the offense of conviction may nonetheless be included for the calculation of the guidelines. So long as the criminal activity is part of the same course of conduct as the offense of conviction. Here, there is ample support in the record that the district court did not clearly err in finding that Hall's possession of 24 vials of crack cocaine and a firearm in the same fanny pack on November 30th, 2018 is part of the same course of conduct as the offense of conviction. Which is the defendant's distribution and possession with intent to distribute crack cocaine on January 23rd. Was it crack on both occasions? That is correct, Your Honor. Now, only two months separated these two events and Hall was found standing in front of the exact same building on both nights, 3125 Park Avenue. Now, I just want to briefly address this factual issue here. On November 30th, 2018, the defendant was arrested in front, standing in front of 3125 Park Avenue. On January 23rd, at trial, the lieutenant who was conducting surveillance from across the street of 3125 Park Avenue testified that he observed Hall standing in front of 3125 Park Avenue. Along with two or three other individuals chatting and generally hanging out until he suddenly walked across the street and met with a two buyers outside of another building down the block from 3125 Park Avenue and Hall did this twice. And he was eventually arrested in the middle of the street, right? Essentially in front of 3125 Park Avenue, but instead of being on the sidewalk, he was arrested in the intersection. And so only two months separate the two events that the defendant was essentially in the exact same spot on both nights. And on both occasions, the defendant carried dozens of individual packages of crack cocaine secreted on his person and under his clothes. Now, this court has upheld findings that distinct narcotics transactions are sufficiently similar to constitute relevant, even where, unlike here, the transactions involved different types of drugs, different co-conspirators, or greater separations in time. And so there's ample support in this record to support the district court's factual finding that the event of November 30, 2018 is in fact part of the same course of conduct. And defense also argues that in addition to the inclusion of the drug amounts that were found on the defendant on November 30, 2018, the gun that was found on the defendant should not have applied, that the gun enhanced, the two-level gun enhancement should not have been applied because the gun was not possessed during the commission of the offense of conviction. But that is simply not the law. The guidelines itself simply states that if a dangerous weapon was possessed, increased by two levels. It does not specifically tie the possession of the firearm to the offense of conviction. Similarly, this court held in United States v. Ortega that there is no requirement that the gun possession has to be linked to the charge conduct as long as the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction. Here, the evidence shows that the defendant possessed the gun in the same location, the same fanny pack as the 24 vials of crack cocaine. Thus, they're supporting the district court's finding that the gun was in fact possessed in relation to the possession with intent to distribute the crack cocaine on the night of November 30, 2018. Now, unless the panel has any other questions, the government will rest on the submissions. Thank you. Mr. Joyce, Roboto. You're on mute. Sorry. I apologize. I think it's worth noting that on the November 30 event, the case was discontinued. The prosecutor, the U.S. Attorney's Office, when they went back into the grand jury, declined to prosecute that event. I think it's worth noting that on the February 28 event, Mr. Hall was acquitted. The district court, and in some sense, the circuit courts, views these street events from afar. But on the street, and sometimes the language is, I think, somewhat indicative of not necessarily understanding what is going on on the street. There are many cases which use circular logic, which basically say a weapon is a tool for the drug dealer. And then they say, well, if someone had a weapon, it must mean they're a drug dealer. And in this case, clearly, the drugs were found in a fanny pack with the weapon. But the point is, we know from the plethora of 924G cases in this district, many people have guns that have nothing to do with drug dealing. And just because it's found in the same location, I suggest, does not mean that, in fact, it was in furtherance of a drug event. Your Honors, the defendant, the appellant, suggests that the district court erred by finding the activity of November 30th, 2018, relevant conduct. And in doing so, inflated is a guideline range from guideline level 12 to 16. And accordingly, we ask that you remand for resentence. Thank you. Thank you both. We'll reserve decision. Thank you.